IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| RODNEY GIVENS, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: 3:17-cv-55 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF MT. VERNON, | ) | |
| | ) | |
| Defendant | ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Rodney Givens, by counsel and as his Complaint for Damages against

Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Rodney Givens is a resident of Posey County, State of Indiana who was

formerly employed by the Defendant.

2.  Defendant, City of Mt. Vernon (hereinafter referred to as "City") is an employer as

defined by 49 U.S.C. 2000e(b), 42 U.S.C. § 12101, *et. seq.* and 42 U.S.C. §1981 that conducts

business in the State of Indiana.

3.  Mr. Givens invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§

1331.

4.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5.  Mr. Givens, an African-American employee with a disability/perceived disability related to a severe leg injury, was employed by the City as its Superintendent of Waste Water Treatment, and had been since 1991.

6.  On or about August 1, 2015 suffered an injury to his leg in an incident that was not work related.

7.  After exhausting his vacation time, Mr. Givens utilized family medical leave beginning on or about November 13, 2015.

8.  Plaintiff returned on to  work without restrictions on or about January 11, 2016 and was terminated by the Defendant at a meeting in front of eight individuals.

9.  On or about May 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("Charge Number 24C-2016-00086") alleging violations of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act.

10.  On or about February 16, 2017, the Equal Employment Opportunity Commission issued Plaintiff a right to sue on Charge Number 24C-2016-00086.

COUNT I
TITLE VII – RACE

11.  Plaintiff incorporates by reference paragraphs one (1) through ten (10) above.

12.  Plaintiff belongs to a protected class by way of his race and color.

13.  Defendant's decision to terminate Plaintiff was motivated by his race and/or color.

14.  Similarly situated employees outside of Plaintiff's protected class(es) were treated more favorably than Plaintiff.

15. Defendant willfully violated Title VII of the Civil Rights Act of 1964 when it terminated Plaintiff's employment.

16. As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, compensatory damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

<u>COUNT II</u>
<u>42 U.S.C. §1981</u>

17. Plaintiff incorporates by reference paragraphs one (1) through sixteen (16) above.

18. Plaintiff entered into a contractual relationship with the Defendant wherein Plaintiff would provide labor in exchange for wages.

19. Plaintiff performed his work in a satisfactory manner but was terminated.

20. Defendant based its decision to terminate Plaintiff on his race.

21. Defendant's actions are in violation of 42 U.S.C. § 1981.

22. Defendant's actions were willful and in reckless disregard for Plaintiff's rights.

23. As a result of Defendant's actions, Givens has suffered damages, including but not limited to lost wages and benefits, mental and emotional damages, liquidated damages, compensatory damages, punitive damages and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## COUNT III
## FMLA

24.  Plaintiff incorporates by reference paragraphs one (1) through twenty-three (23) above.

25.  During his employment with Defendant, Plaintiff utilized Family Medical Leave to recover from injuries to his leg that were sustained in an accident.

26.  Plaintiff suffered an adverse employment action when Defendant terminated his employment just weeks after he returned to work from his serious medical condition.

27.  Plaintiff:

A.  Was treated less favorably than employees who had not requested or were in need of leave under the FMLA; or

B.  Suffered an adverse employment decision because of her request or need for leave under the FMLA; or

C.  Suffered an adverse employment decision for taking leave under the FMLA and because of his perceived need for leave under the FMLA.

28.  As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, liquidated damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## COUNT iV
## ADA

29.  Plaintiff incorporates by reference paragraphs one (1) through twenty-eight (28) above.

30.  Plaintiff suffers from a disability and/or perceived disability as defined under the Americans with Disabilities Act, namely a severe leg injury.

31.  Plaintiff was at all times able to perform the essential functions of his job, with or without reasonable accommodations.

32.  Defendant's decision to terminate Plaintiff was motivated by his disability and/or perceived disability.

33.  Similarly situated employees outside of Plaintiff's protected class(es) were treated more favorably than Plaintiff.

34.  Defendant willfully violated the Americans with Disabilities Act when it terminated Plaintiff's employment.

35.  As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, compensatory damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings

David M. Henn, #18002-49
Paul J. Cummings, #22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

HENN HAWORTH CUMMINGS & PAGE
625 N. Madison Avenue, Ste. A
Greenwood, Indiana  46142
(317) 885-0041
(888) 308-6503 Fax